UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SHANNON ALEXANDER (#298078)**

**VERSUS**

**RAY JONES**

CIVIL ACTION

NO. 18-616-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 30, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANNON ALEXANDER (#298078)

VERSUS

RAY JONES

CIVIL ACTION

NO. 18-616-BAJ-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Motion to Dismiss filed on behalf of defendant Ray Jones (R. Doc. 23). The motion is opposed. *See* R. Docs. 26 and 28.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendant Ray Jones complaining that his constitutional rights were violated due to defendant Jones' failure to protect him from harm. He prays for injunctive, declaratory and monetary relief.

Defendant Jones asserts, *inter alia*, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, the plaintiff alleges that on September 3, 2017, defendant Jones opened the door to the unit where the plaintiff was housed and allowed inmate Jimmy Austin to enter in order to attempt to force the plaintiff to perform oral sex on inmate Austin. At the time, inmate Austin was being investigated for sexually assaulting another inmate. The plaintiff, who had previously been sexually assaulted by other inmates and former correctional officer, was able to thwart the attack by cutting inmate Austin with a razor blade.

Defendant Jones first asserts that the plaintiff has failed to allege that he has suffered a compensable injury. The defendant is correct that the plaintiff is not entitled to recover compensatory damages from the defendant in this case. Specifically, pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner ... for mental or emotional

injury suffered while in custody without a prior showing of physical injury." The plaintiff does not suggest in his Complaint that he has suffered any physical injury as a result of the events alleged. It appears that the plaintiff is aware that he is precluded from the recovery of compensatory damages and will be limited to a recovery of nominal or punitive damages if successful. *See Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007). In his Complaint, the plaintiff requests to be awarded nominal and punitive damages and does not request compensatory damages. Nevertheless, in order to recover punitive damages, the plaintiff is required to make a showing that the defendant violated his constitutional rights with "evil intent" or "callous indifference." *See Allen v. Stalder*, 201 F. App'x. 276 (5th Cir. 2006), *citing Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003).

      Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id.* at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id. at 847*. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837. However, a prison official may not "escape liability for deliberate indifference by showing that,

while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843.  It is irrelevant whether a risk comes from "a single source or multiple sources" or whether the risk is borne by a single prisoner for personal reasons or by all similarly-situated prisoners.  *Id.*

In the instant mater, the plaintiff has not provided in his Complaint a factual basis for his conclusory allegations that defendant Jones acted with malicious and evil intent, was deliberately indifferent to his safety, and was reckless and/or callously indifferent to the plaintiff's constitutional rights.  The plaintiff's conclusory allegations are not sufficient to support a finding of liability under § 1983.  However, the plaintiff explains in his Opposition (R. Doc. 26) that defendant Jones knew the plaintiff was a "prison punk and/or prison homosexual" and knew that inmate Austin had previously been placed in administrative segregation for allegedly sexually assaulting another inmate.  These facts are not pled in the complaint and no additional detail is provided regarding this knowledge by defendant Jones.  Accordingly, the plaintiff should be allowed to amend his Complaint to include further factual detail in this regard.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff be granted 21 days to amend his Complaint to include further factual details as to the alleged deliberate and/or reckless indifference, and malicious and evil intent on the part of defendant Jones, and that the defendant's Motion to Dismiss (R. Doc. 23) be denied, without prejudice to refiling once the plaintiff has filed an amended complaint.

Signed in Baton Rouge, Louisiana, on April 30, 2019.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**