UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SHANNON ALEXANDER (#298078)**

**VERSUS**

**RAY JONES**

CIVIL ACTION

NO. 18-616-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 22, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SHANNON ALEXANDER (#298078)**

**VERSUS**

**RAY JONES**

CIVIL ACTION

NO. 18-616-BAJ-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Motion to Dismiss filed on behalf of defendant Ray Jones (R. Doc. 43). The motion is opposed. *See* R. Doc. 49.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendant Ray Jones complaining that his constitutional rights were violated due to defendant Jones' failure to protect him from harm. He prays for injunctive, declaratory and monetary relief.

Defendant Jones asserts, *inter alia*, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, as amended, the plaintiff alleges that on September 3, 2017, inmate Austin knocked on the Cuda 3 and 4 unit door (the plaintiff's housing area), and defendant Jones opened the door to the unit and allowed inmate Austin to enter. Inmate Austin was housed in Camp J and his job assignment was for Gar Unit only. Despite this, defendant Jones did not ask inmate Austin why he had left his assigned work unit and walked all the way to the plaintiff's housing area. Nor did defendant Jones ask inmate Austin why he wanted to specifically enter the plaintiff's housing area. At the time, inmate Austin was being investigated for sexually assaulting another inmate and defendant Jones was likely aware of the same since it is common for such violations to be discussed amongst inmates, correctional officers, and other officials.

Defendant Jones was also aware that the plaintiff was gay due to incidents between the plaintiff and other inmates, the plaintiff's small stature, and "feminine ways." Due to a high-profile incident involving the plaintiff and a former correctional officer, defendant Jones was also aware that the plaintiff was susceptible to sexual assault.

When the plaintiff asked inmate Austin why he was on the unit Austin responded, "My boy Sgt. Jones know what's happening. He let me in." As a result of the plaintiff's experience with prior sexual assaults he was able to thwart inmate Austin's attempted sexual assault by cutting Austin with a razor blade.

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id.* at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id. at 847*. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837. However, a prison official may not "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually

committed the assault." It is irrelevant whether a risk comes from "a single source or multiple sources" or whether the risk is borne by a single prisoner for personal reasons or by all similarly-situated prisoners. *Id.*

Accepting the allegations of the plaintiff's Amended Complaint as true, the complaint states a claim against defendant Jones for deliberate indifference to the plaintiff's health and safety. As alleged in the Amended Complaint, defendant Jones was aware that the plaintiff was gay and had been attacked on prior occasions by both other inmates and staff. Despite having knowledge of the plaintiff's sexual orientation and his susceptibility to assault, defendant Jones allowed inmate Austin, who was under investigation for a sexual assault, to enter the plaintiff's housing area without even inquiring as to why inmate Austin left his assigned work unit or why he needed to enter the plaintiff's housing area. Additionally, inmate Austin told the plaintiff, "My boy Sgt. Jones know what's happening. He let me in." As such, the plaintiff's allegations are indicative of deliberate and/or callous indifference on the part of defendant Jones

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's Motion to Dismiss (R. Doc. 43) be denied, and that this matter be referred back to the magistrate judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on January 22, 2020.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**