UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SHANNON ALEXANDER (#298078)**

**VERSUS**

**RAY JONES**

CIVIL ACTION

NO. 18-616-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 20, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANNON ALEXANDER (#298078)

VERSUS

RAY JONES

CIVIL ACTION

NO. 18-616-BAJ-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment (R. Doc. 85) filed on behalf of defendant Ray Jones. The Motion is not opposed.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendant Ray Jones complaining that his constitutional rights were violated due to defendant Jones' failure to protect him from harm. He prays for injunctive, declaratory and monetary relief.

Defendant Jones moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, defendant Jones' responses to interrogatories and requests for admissions, and certified copies of the LSP Camp J Daily Post Roster for September 3, 2017, administrative remedy procedure No. LSP-2017-2044, and the plaintiff's enemy list.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v.*

*Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

    In his Complaint, as amended, the plaintiff alleges that on September 3, 2017, inmate Austin knocked on the Cuda 3 and 4 unit door (the plaintiff's housing area), and defendant Jones opened the door to the unit and allowed inmate Austin to enter. Inmate Austin was housed in Camp J and his job assignment was for Gar Unit only. Despite this, defendant Jones did not ask inmate Austin why he had left his assigned work unit and walked all the way to the plaintiff's housing area. Nor did defendant Jones ask inmate Austin why he wanted to specifically enter the plaintiff's housing area. At the time, inmate Austin was being investigated for sexually

assaulting another inmate and defendant Jones was likely aware of the same since it is common for such violations to be discussed amongst inmates, correctional officers, and other officials.

Defendant Jones was also aware that the plaintiff was gay due to incidents between the plaintiff and other inmates, the plaintiff's small stature, and "feminine ways." Due to a high-profile incident involving the plaintiff and a former correctional officer, defendant Jones was also aware that the plaintiff was susceptible to sexual assault.

When the plaintiff asked inmate Austin why he was on the unit Austin responded, "My boy Sgt. Jones know what's happening. He let me in." As a result of the plaintiff's experience with prior sexual assaults he was able to thwart inmate Austin's attempted sexual assault by cutting Austin with a razor blade.

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id.* at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id. at 847*. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837. However, a prison official may not "escape liability for deliberate indifference by showing that,

while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." It is irrelevant whether a risk comes from "a single source or multiple sources" or whether the risk is borne by a single prisoner for personal reasons or by all similarly-situated prisoners. *Id.*

Defendant Jones asserts that the plaintiff's allegations are mere conjecture and are unsupported. In support of the instant Motion, defendant Jones relies upon his discovery responses and a copy of the plaintiff's administrative remedy proceeding to establish the following: On September 3, 2017, the Cuda unit was short an orderly and offender Austin was sent to assist in serving chow. Chow is served from tier to tier, and it is common for orderlies to assist other orderlies as needed. Defendant Jones' only knowledge of offender Austin was that Austin was sent over to assist the Cuda unit as an orderly to serve chow. He did not know offender Austin before September 3, 2017, or that he had been investigated in the past for an alleged sexual assault on another offender. Defendant Jones also did not know the plaintiff prior to September 3, 2017 and had no knowledge that the plaintiff was gay and had been sexually harassed and assaulted by other inmates and staff in the past. *See* R. Docs. 85-5 and 85-6.

As such, defendant Jones has pointed out a lack of evidence for the plaintiff's claim against defendant Jones for deliberate indifference to the plaintiff's health and safety. There is no evidence in the record indicative of deliberate and/or callous indifference on the part of defendant Jones.

In addition to the foregoing, the Court notes that the plaintiff has not filed any opposition in response to the instant motion. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his

Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010).

In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendant's motion for summary judgment or to the documentary evidence produced in support thereof. Accordingly, there is nothing before the Court which tends to dispute the defendant's assertions that the there is no genuine issue for trial in this matter. Accordingly, based upon the plaintiff's failure in this case to oppose the defendant's motion for summary judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that the defendant's motion is well-taken and that, on the record before the Court, defendant Jones is entitled to summary judgment as a matter of law.

**RECOMMENDATION**

It is recommended that the defendant's Motion for Summary Judgment (R. Doc. 85) be **GRANTED**, and that this action be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on January 20, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**