# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SHANNON ALEXANDER**                                             **CIVIL ACTION**

**VERSUS**

**RAY JONES**                                                   **NO. 18-00616-BAJ-RLB**

## RULING AND ORDER

Before the Court is Defendant Ray Jones' (hereinafter "Defendant") Motion for Summary Judgment. (Doc. 85). The Motion is unopposed. The Magistrate Judge has issued a **Report and Recommendation,** recommending that the Court grant Defendant's Motion for Summary Judgment and dismiss this action with prejudice. (Doc. 86). Plaintiff objected to the Report and Recommendation. (Doc. 89).

## I.     BACKGROUND

Plaintiff is an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana. (Doc. 86, p. 2). Plaintiff filed suit against Defendant, Master Sergeant Jones, pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his constitutional rights by failing to protect him from harm. (*Id.*). As the Magistrate Judge described in the Report, Plaintiff alleges the following:

> In his Complaint, as amended, the plaintiff alleges that on September 3, 2017, inmate Austin knocked on the Cuda 3 and 4 unit door (the plaintiff's housing area), and defendant Jones opened the door to the unit and allowed inmate Austin to enter. Inmate Austin was housed in Camp J and his job assignment was for Gar Unit only. Despite this, defendant Jones did not ask inmate Austin why he had left his assigned work unit and walked all the way to the plaintiff's housing area. Nor did defendant Jones ask inmate Austin why he wanted to specifically enter

1

the plaintiff's housing area. At the time, inmate Austin was being investigated for sexually assaulting another inmate and defendant Jones was likely aware of the same since it is common for such violations to be discussed amongst inmates, correctional officers, and other officials.

Defendant Jones was also aware that the plaintiff was gay due to incidents between the plaintiff and other inmates, the plaintiff's small stature, and "feminine ways." Due to a high-profile incident involving the plaintiff and a former correctional officer, defendant Jones was also aware that the plaintiff was susceptible to sexual assault.

When the plaintiff asked inmate Austin why he was on the unit Austin responded, "My boy Sgt. Jones know what's happening. He let me in." As a result of the plaintiff's experience with prior sexual assaults he was able to thwart inmate Austin's attempted sexual assault by cutting Austin with a razor blade.

(*Id.* at p. 3–4).

Defendant moved for summary judgment. (Doc. 85).

## II.    DISCUSSION

In his Motion for Summary Judgment, Defendant argued that there is a lack of evidence to support Plaintiff's claim against him. (Doc. 86, p. 5). In the Report and Recommendation, the Magistrate Judge found no evidence in the record indicative of deliberate or callous indifference by Defendant, and accordingly, recommended that the Court grant summary judgment in Defendant's favor. (*Id.*). In making this finding, the Magistrate Judge noted that Plaintiff failed to oppose Defendant's Motion, and accordingly, there was nothing before the Court to dispute Defendant's assertions.[1] (*Id.* at p. 6).

---

[1] The Magistrate Judge concluded:

Plaintiff objected to the Report and Recommendation, arguing that he did not file an Opposition to Defendant's Motion for a critical reason: Defendant did not produce documents that the Court ordered Defendant to produce, and that Plaintiff deems to be crucial to this case. (Doc. 89, p. 2–3). Plaintiff specifically raises Defendant's failure to produce the following documents: (1) "a logbook for Camp J Cuda 3 left tier dated September 3[,] 2017"; and (2) "the list of orderlies for Cuda 3 and 4 [] dated September 3[,] 2017." (*Id.* at p. 3). Plaintiff argues that these documents would show that "inmate Jimmy Austin was not legally assigned to Cuda 3 and 4 side unit as a[n] orderly on September 3[,] 2017," meaning that Defendant lied about why Austin was permitted into the unit. (*Id.* at p. 4).

Plaintiff argues that Defendant failed to produce these crucial documents despite the Court's Order requiring Defendant to do so. (*Id.* at p. 5). Plaintiff contends that instead, Defense Counsel merely asserted that "he was informed by LSP official(s) that the requested documentation [] could not be located." (*Id.*). Plaintiff asserts that Defense Counsel failed to identify the "specific identity of the LSP official(s)," or an "Affidavit signed and witnessed by the LSP official(s) attesting to the same." (*Id.*).

---

[B]ased upon the plaintiff's failure in this case to oppose the defendant's motion for summary judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that the defendant's motion is well-taken and that, on the record before the Court, defendant Jones is entitled to summary judgment as a matter of law.

(Doc. 86, p. 6).

3

The Court finds good cause to liberally construe Plaintiff's *pro se* Objection (Doc. 89) as a Federal Rule of Civil Procedure 56(d) Opposition to Defendant's Motion.[2] *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'") (internal quotations and citations omitted). Rule 56(d) provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

For the reasons set forth below, the Court finds the standard set forth in Rule 56(d) to be satisfied.

A review of the record shows the following. The Court ordered Defendant to produce documentation regarding: (1) the number of orderlies assigned to Cuda 3 and 4 on the date of the incident in question and the specific identities of the orderlies; (2) a logbook; and (3) the fact that inmate Austin was allowed onto the tier as an orderly. (Doc. 75, p. 1–2).

---

[2] The Court warns Plaintiff, however, that future failure to timely file an opposition may result in dismissal of this case. Plaintiff's arguments should be made in an Opposition to Defendant's Motion, rather than in an Objection to the Report and Recommendation after the Magistrate Judge has considered the underlying Motion.

4

Defendant filed a "Notice of Compliance" with the Court's Order, wherein Defendant produced some, but not all, of the discovery ordered by the Court. (Doc. 78). Regarding the documents at issue here, Defendant provided the following:

> Undersigned counsel was informed by LSP officials that a logbook for Camp J Cuda 3 Left Tier dated September 3rd, 2017 could not be located. In addition, undersigned was informed by LSP officials that a list of orderlies for Cuda 3 and 4 dated September 3, 2017 was also unable to be located.

(*Id.* at ¶ 3).

Plaintiff objected to Defendant's Notice of Compliance based on Defendant's failure to produce the documents described herein. (Doc. 82, p. 1–2). There, Plaintiff similarly contended that these documents are important "because Plaintiff will be able to prove during summary judgment [] whether inmate Jimmy Austin [was] legally signed to Cuda 3 and 4 side unit as an orderly on September 3rd, 2017." (*Id.* at p. 2). Plaintiff requested an extension of time to file cross motions for summary judgment until the Defendant provided Plaintiff with the documents at issue. (*Id.* at p. 3).

Defendant then filed the instant Motion for Summary Judgment (Doc. 85), pointing to a lack of evidence supporting Plaintiff's case. Plaintiff failed to oppose Defendant's Motion for Summary Judgment. Following the Magistrate Judge's Report and Recommendation, Plaintiff filed the instant Objection, asserting that he did not oppose the Motion because he did not have the necessary documentation to do so. (Doc. 89).

5

Despite Plaintiff's failure to timely oppose the Motion for Summary Judgment, the Court is not satisfied with the Defendant's "could not be located" explanation for the failure to produce the documents. Because the Magistrate Judge has not had an opportunity to consider Plaintiff's untimely-pled arguments and to test the legitimacy of the Defendant's assertions, the Court finds good cause to remand this matter to the Magistrate Judge for further proceedings to resolve the instant discovery dispute. Accordingly, the Court will deny Defendant's Motion for Summary Judgment (Doc. 85) without prejudice to the right to re-urge the Motion after the discovery dispute is resolved.

### III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that this matter is remanded back to the Magistrate Judge for further proceedings to address the discovery dispute described herein.

**IT IS FURTHER ORDERED** that Defendant's **Motion for Summary Judgment (Doc. 85)** is **DENIED** without prejudice to the right to re-urge the Motion after the instant discovery dispute is resolved.

Baton Rouge, Louisiana, this 13th day of August, 2021

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

6