## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**SHANNON ALEXANDER (#298078)**

**VERSUS**

**RAY JONES**

**CIVIL ACTION**

**NO. 18-616-BAJ-RLB**

### ORDER

Before the Court are the plaintiff's Motions for Entry of Default Judgment (R. Docs. 99 and 101). The Motions are opposed. *See* R. Doc. 102.

The plaintiff requests that a default judgment be rendered as a sanction for the defendant's failure to produce certain documents as ordered. Federal Rule of Civil Procedure 37(b)(2)(A)(vi) authorizes the court to render a default judgment against a party as a sanction for failure to comply with a discovery order. For the Court to render a default judgment as a discovery sanction, two criteria must be met. *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998). First, the penalized party's discovery violation must be willful. *Id.* Second, the drastic measure is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect. *Id.* The reviewing court may also consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation. *Batson v. Neal Spelce Assocs.,* 765 F.2d 511, 514 (5th Cir. 1985).

This matter was referred back to the Magistrate Judge, on August 13, 2021, for resolution of a discovery dispute. *See* R. Doc. 90. The dispute involves two documents: (1) a logbook for Camp J Cuda 3 Left Tier dated September 3, 2017, and (2) a list or orderlies for Cuda 3 and 4 dated September 3, 2017. With regards to these documents the defendant stated, "Undersigned counsel was informed by LSP officials that a logbook for Camp J Cuda 3 Left Tier dated September 3rd, 2017 could not be located. In addition, undersigned was informed by LSP

officials that a list of orderlies for Cuda 3 and 4 dated September 3, 2017 was also unable to be located." *See* R. Doc. 78.

On October 12, 2021, the Magistrate Judge issued an Order for defendant to show cause in writing why the aforementioned documents were "unable to be located," and to specifically address and/or produce the following:

> (1) The names of the "LSP officials" who informed counsel for the defendant that the logbook and list of orderlies were unable to be located;
> (2) Produce copies of all policies, procedures, or memorandums pertaining to drafting and retention of said documents;
> (3) If no such policies, procedures, or memorandums exist, describe the practices or procedures used for drafting and retention of said documents;
> (4) Identify the person or persons responsible for management of said documents; and
> (5) Describe what actions were taken to locate said documents before concluding that the documents were unable to be located, and identify who took such actions. *See* R. Doc. 97.

Defendant responded to the Order with the Affidavit of Tracey Falgout, Deputy Warden of Operations, a copy of Regulation No. A-01-009 Records Management Program, and copies of e-mails. *See* R. Doc. 100. These documents offer the following information: The management of the requested documents would be the responsibility of the Assistant Warden over Camp J, which was closed in 2018 and has only reopened for quarantine purposes. The retention policy provides for such documents to be kept at their particular location in the prison for one year and are then be kept in archives for two years. After two years, the documents can be disposed of. On February 6, 2020, Administrative Assistant Scott could not locate the Cuda 3 Left Logbook. On June 9, 2020, Lt. Mougeot informed counsel for defendant that to her knowledge logbooks do not identify and document tier walkers. On August 25, 2020, Lt. Mougeot informed counsel for defendant that she could not find the Cuda 3 and 4 list of orderlies, and that she wasn't sure if such a document exists. On September 1, 2021, Shawnee Davis explained that when Camp J was

closed all the paperwork was moved or placed in storage. After searching the same, she could not locate the requested documents.

As such, assuming the orderly documentation ever existed, the requested documents, dated September 3, 2017, would have been kept at Camp J for one year. When Camp J was closed in 2018 the documents were placed in storage where they were to be kept for two years. The search for these documents began as early as February 6, 2020, and could not be located by multiple prison employees.

The documentation provided by Defendant adequately complies with this Court's Order (R. Doc. 97). As such, the defendant has not failed to obey a discovery order. The record does not show any conduct that would amount to willful violation of this Court's Order (R. Doc. 97). Under such circumstances, rendering a default as a sanction is not merited and the plaintiff's Motions (R. Docs. 99 and 101) will be denied.

In his Opposition (R. Doc. 111) to the defendant's pending Motion for Summary Judgment (R. Doc. 109), the plaintiff only seeks to have a ruling on the Motion for Summary Judgment stayed due to the above discovery dispute. This dispute has been resolved. As such, the Court will grant the plaintiff an additional 21 days to file an opposition to the merits of the defendant's pending Motion for Summary Judgment. Accordingly,

**IT IS ORDERED** that the plaintiff's Motions for Entry of Default Judgment (R. Docs. 99 and 101) are **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff shall have 21 days from the date of this order to file an opposition to the merits of the defendant's pending Motion for Summary Judgment (R. Doc. 109).

Signed in Baton Rouge, Louisiana, on February 9, 2022.

---

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**