UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANNON ALEXANDER                          CIVIL ACTION

VERSUS

RAY JONES                                  NO. 18-00616-BAJ-RLB

## RULING AND ORDER

Before the Court is Defendant Ray Jones's Motion for Summary Judgment.
(Doc. 109). The Motion is unopposed. Defendant filed a Reply Memorandum.
(Doc. 112).

## I.    BACKGROUND

Plaintiff is an inmate confined at the Louisiana State Penitentiary ("LSP"),
Angola, Louisiana. (Doc. 86, p. 2). Plaintiff filed suit against Defendant pursuant to
42 U.S.C. § 1983, alleging that Defendant violated his constitutional rights by failing
to protect him from harm. (*Id.*).

On September 3, 2017, Defendant, an LSP employee, was assigned to
Plaintiff's unit. (Doc. 109-3, ¶ 4). Defendant requested an additional inmate orderly
to serve "chow" in this unit. (*Id.* at ¶ 5). Inmate Jimmy Austin was the orderly sent
in response to Defendant's request. (*Id.*).

Plaintiff alleges that Defendant knowingly and intentionally allowed Austin
into the unit while Plaintiff was locked in his cell to permit Austin to sexually assault
Plaintiff. (*Id.* at ¶ 3). Specifically, Plaintiff asserts that Defendant was aware of

Plaintiff's sexual orientation, "small fragile size," "feminine ways," and that he was previously sexually assaulted. (Doc. 33, p. 9–10). Plaintiff further asserts that Defendant knew about previous sexual assault allegations against Austin. (*Id.* at p. 10).

Defendant responds that he had no prior knowledge or awareness of Plaintiff's sexual orientation, any prior incidents involving Plaintiff, or of previous allegations of sexual assault against Austin. (Doc. 109-3, ¶¶ 6–7). Defendant argues that he was not present at the time of the incident and had no knowledge or awareness regarding same. (*Id.* at ¶ 9). Accordingly, in his Motion for Summary Judgment, Defendant argues that Plaintiff cannot meet his burden of proof to show that Defendant is liable under Section 1983 for deliberate indifference. (Doc. 109, ¶¶ 1–2).

## II.    PROCEDURAL HISTORY

After Plaintiff filed suit, the Court authorized Plaintiff to proceed *in forma pauperis.* (Doc. 5; Doc. 9; Doc. 21).

Defendant moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 23). Thereafter, the Court granted Plaintiff the opportunity to amend his Complaint and denied Defendant's Motion without prejudice to the right to re-urge his Motion in response to Plaintiff's Amended Complaint. (Doc. 36). Plaintiff then amended his Complaint. (Doc. 33). Defendant moved to dismiss Plaintiff's Amended Complaint, and the Court denied the Motion. (Doc. 43; Doc. 62).

2

During the discovery process, the Court ordered Defendant to produce documentation regarding: (1) the number of orderlies assigned to Cuda 3 and 4 on the date of the incident in question and the specific identities of the orderlies; (2) a logbook; and (3) the fact that inmate Austin was allowed onto the tier as an orderly. (Doc. 75, p. 1–2). Defendant filed a Notice of Compliance with the Court's Order, wherein Defendant produced some, but not all, of the discovery ordered by the Court. (Doc. 78). Regarding the documents at issue, Defendant provided the following:

> Undersigned counsel was informed by LSP officials that a logbook for Camp J Cuda 3 Left Tier dated September 3rd, 2017 could not be located. In addition, undersigned was informed by LSP officials that a list of orderlies for Cuda 3 and 4 dated September 3, 2017 was also unable to be located.

(*Id.* at ¶ 3).

Subsequently, Defendant moved for summary judgment, pointing to a lack of evidence supporting Plaintiff's case. (Doc. 85). The Magistrate Judge issued a Report and Recommendation, recommending that the Court grant Defendant's Motion for Summary Judgment and noting that Plaintiff failed to oppose Defendant's Motion. (Doc. 86). Plaintiff objected to the Report, asserting that he did not oppose Defendant's Motion because he did not have the necessary documentation to do so, pointing to the specific documents that "could not be located." (Doc. 89).

After reviewing Plaintiff's Objection, the Court denied Defendant's Motion for Summary Judgment, emphasizing the following:

> Despite Plaintiff's failure to timely oppose the Motion for Summary Judgment, the Court is not satisfied with the Defendant's "could not be

3

located" explanation for the failure to produce the documents. Because the Magistrate Judge has not had an opportunity to consider Plaintiff's untimely-pled arguments and to test the legitimacy of the Defendant's assertions, the Court finds good cause to remand this matter to the Magistrate Judge for further proceedings to resolve the instant discovery dispute. Accordingly, the Court will deny Defendant's Motion for Summary Judgment (Doc. 85) without prejudice to the right to re-urge the Motion after the discovery dispute is resolved.

(Doc. 90, p. 6).

The Court then entered an Order to Show Cause, mandating that Defendant indicate in writing why the aforementioned documents were "unable to be located."[1] (Doc. 97). Defendant filed a Notice of Compliance with this Order. (Doc. 100).

Defendant again moved for summary judgment. (Doc. 109). Plaintiff opposed Defendant's Motion, requesting that the Court "stay" Defendant's Motion until the Magistrate Judge determined whether the discovery dispute was resolved. (Doc. 111). The Magistrate Judge then issued an Order detailing Defendant's efforts to comply with its Order to Show Cause and finding that the "documentation provided by

---

[1] The Court ordered Defendant to address and/or produce the following:

(1) The names of the "LSP officials" who informed counsel for the Defendant that the logbook and list of orderlies were unable to be located;
(2) Produce copies of all policies, procedures, or memorandums pertaining to drafting and retention of said documents;
(3) If no such policies, procedures, or memorandums exist, describe the practices or procedures used for drafting and retention of said documents;
(4) Identify the person or persons responsible for management of said documents; and
(5) Describe what actions were taken to locate said documents before concluding that the documents were unable to be located, and identify who took such actions.

(Doc. 97).

Defendant adequately complie[d] with th[e] Court's Order." (Doc. 113, p. 3). The Magistrate Judge expressly found that the discovery dispute had been resolved and granted Plaintiff an additional 21 days to oppose the merits of the instant Motion. (*Id.*).

More than 21 days have passed, and Plaintiff has failed to oppose Defendant's Motion. Accordingly, the Court will consider Defendant's Motion for Summary Judgment to be unopposed.

## III.   LEGAL STANDARD

A court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on motions for summary judgment, courts are required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Coleman v. Hous. Indep. School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

To survive summary judgment, however, the nonmoving party must do more than allege an issue of material fact: "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is

a genuine issue for trial." *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citations and quotation marks omitted). A party that fails to present competent evidence opposing a motion for summary judgment risks dismissal on this basis alone. *E.g., Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 536 (E.D. Tex. 2000) ("Plaintiff produced no genuine issue of material fact to prevent the granting of Defendant's Motion, and therefore, the Court could grant Defendant's Motion for Summary Judgment on this basis alone.").

"Although the Defendant has the burden to establish that summary judgment is appropriate, its entitlement to relief can be accomplished by showing a complete absence of record evidence to support an essential, indeed a mandatory, element of the plaintiff's claim." *Myles v. Cajun Operating Co.*, No. CV 16-612-JWD-RLB, 2017 WL 8640923, at *2 (M.D. La. Oct. 11, 2017) (citing *Jolliff v. United States*, 2012 WL 2449952, at *6 (E.D. La. June 27, 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

## IV.   DISCUSSION

Defendant moves for summary judgment, arguing that Plaintiff has no evidence to establish that Defendant knew or should have known that Plaintiff faced

a substantial risk of harm.[2] (Doc. 109, p. 2). Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty . . . to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

"Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id.* at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id.* at 847. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837.

A prison official, however, may not "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the

---

[2] Defendant relies on the pleadings, a Statement of Undisputed Facts, the Affidavit of Tracey Falgout, LSP Camp J Daily Roster A and C Team for September 3, 2017, Responses to Interrogatories and Requests for Admissions, ARP No. LSP-2017-2044, Plaintiff's "Enemy List," and the Affidavit of Defendant.

specific prisoner who eventually committed the assault." *Id.* at 843. It is irrelevant whether a risk comes from "a single source or multiple sources" or whether the risk is borne by a single prisoner for personal reasons or by all similarly-situated prisoners. *Id.*

Defendant asserts that Plaintiff's allegations are mere conjecture and are unsupported. The competent summary judgment evidence submitted by Defendant establishes the following: On September 3, 2017, Defendant "called for an extra orderly for the Cuda Unit because the unit was short one orderly to serve chow." (Doc. 109-10, ¶ 7). Offender Austin arrived, stating that he was there to help because the Unit was short an orderly. (*Id.* at ¶ 14). It is common for orderlies from different tiers to help on other tiers when necessary. (*Id.* at ¶ 10). Prior to the September 3, 2017 incident, Defendant did not know Austin. (*Id.* at ¶ 12). Defendant was unaware that Austin previously sexually assaulted another inmate. (*Id.* at ¶ 13). Defendant also did not know Plaintiff prior to September 3, 2017, and had no knowledge of Plaintiff's sexual orientation or that he had been sexually harassed and assaulted by other inmates and staff in the past. (*Id.* at ¶¶ 3–7). Defendant had no knowledge of Austin's planned assault on the Plaintiff. (*Id.* at ¶¶ 16–17).

Defendant has pointed to a lack of evidence supporting Plaintiff's claim for deliberate indifference to his health and safety. There is no evidence in the record indicative of deliberate or callous indifference on the part of Defendant. And although the Court has provided Plaintiff notice and an opportunity to respond, Plaintiff failed

to oppose Defendant's Motion or the documentary evidence produced in support thereof. Accordingly, there is nothing before the Court to dispute Defendant's assertion that there is no genuine issue for trial in this matter. Indeed, the Court previously warned Plaintiff regarding the seriousness of his failure to oppose Defendant's Motions, emphasizing that "future failure to timely file an opposition may result in dismissal of this case." (Doc. 90, p. 4).

In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations contained in his Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Specifically, Federal Rule of Civil Procedure 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* Stated another way, to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Cath. Church of Diocese of Houma Thibodaux*, 384 F. App'x 398, 399 (5th Cir. 2010).

Considering Defendant's competent evidence and the lack of contrary evidence from Plaintiff, summary judgment is warranted in Defendant's favor. Accordingly, Defendant's Motion for Summary Judgment is granted. (Doc. 109).

## V.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Summary Judgment (Doc. 109) is GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned matter be and is hereby **DISMISSED WITH PREJUDICE.** A judgment shall be entered accordingly.

Baton Rouge, Louisiana, this ___15th___ day of March, 2022

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**